# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN M. SHIRLEY,

       *Plaintiff*,

vs.

MARK ACORD,

       *Defendant.*

Case No. 08-2570-EFM

## MEMORANDUM AND ORDER[1]

    Between the years of 2006 and 2008, Plaintiff John M. Shirley worked for Seasonal Concepts as a "stocker/warehouse person." Sometime in 2008, one of Mr. Shirley's white co-workers brought his daughter to work and allowed her to have "the run of the warehouse." Not wanting to work around the minor child, Mr. Shirley complained to the owner and warehouse supervisor. As a result of his complaint, the child "was taken up front to the break room." The following day, the same thing happened again. Once more, Mr. Shirley complained. However, this time, Mr. Shirley, not the child, was asked to leave.

    Believing that his dismissal was "in retaliation for complaining about a co-worker's child being on company premises," Mr. Shirley filed a Charge of Discrimination form with the Equal Employment Opportunity Commission ("EEOC"). On August 14, 2008, the EEOC mailed Mr.

---

[1] The Court has set forth the facts as alleged in the complaint and the Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination form.

Shirley a Notice of Right to Sue.  Mr. Shirley, proceeding *pro se*, filed suit against Mr. Acord on November 13, 2008.[2]  This matter is now before the Court on Defendant's Motion to Dismiss (Doc. 12).  For the following reasons, the Court GRANTS the motion.

## I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[3]  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

In determinating whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[6]  All well pleaded facts in the complaint are assumed to be true

---

[2] It is not clear to the Court who Mark Acord is and what his connection is to Seasonal Concepts.  Plaintiff's complaint merely states that Mr. Acord is employed by Seasonal Concepts.  It does not allege that Mr. Acord is the owner of Seasonal Concepts or that he is the warehouse supervisor.  If this defect were detrimental to the success of Plaintiff's case, the Court would allow Plaintiff to amend his complaint.  *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).  However, because it is not, no leave to amend is necessary.

[3] *Ashcroft v. Iqbal*, 556 U.S. - - -, - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[6] *Iqbal*, 129 S.Ct. at 1950.

and are viewed in the light most favorable to the plaintiff.[7]  Allegations that merely state legal conclusions, however, need not be accepted as true.[8]

Recognizing that pro se litigants likely are not familiar with the special pleading requirements, the court's review of a *pro se* plaintiff's complaint is less exacting than its review of a complaint drafted by an attorney.[9]  "If the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it [will] . . . ."[10]  With that said, though, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]  "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[12]

## II. Analysis

In his motion to dismiss, Defendant argues that the Court should dismiss Plaintiff's action because Defendant is not a proper party, Defendant was not properly served, and Plaintiff has failed to state a claim upon which relief may be granted.[13]  In a document entitled "Summary of Facts," which was filed six days after Defendant filed his motion, Plaintiff states three things: (1)

---

[7] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *Hall*, 935 F.2d at 1110.

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[12] *Hall*, 935 F.2d at 1110.

[13] Because the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted, it does not address Defendant's arguments that he is not a proper party and was not properly served.

"Defendant accepted service by agent through certified mail;" (2) "All filings were timely or clerk could not file any claim. EEOC or U.S. District Court;" and (3) "Retaliation for complaining about a co-worker's child being on company premises in violation of Title VII of the Civil rights Act of 1964, as amended. Attached EEOC document." Despite the facts that Plaintiff did not caption his filing as a memorandum in opposition of Defendant's motion to dismiss and the filing does not specifically address Defendant's arguments, the Court will treat it as a response to Defendant's motion.[14] As a consequence, Defendant's motion is contested and the Court will decide the motion on its merit.[15]

To establish a prima facie case of retaliation, the plaintiff must prove three elements: "(1) the plaintiff engaged in protected opposition or participated in a Title VII proceeding; (2) the employer acted adversely subsequent to or contemporaneous with employee activity; and (3) there is a casual connection between plaintiff's activity and the employer's action."[16] While it is true that the plaintiff need not precisely state each element of his claim at the motion to dismiss stage, he must plead minimal factual allegations on those material elements that must be proved.[17]

Here, even under the liberal construction afforded to a *pro se* litigant's complaint, Plaintiff fails to state a claim against Defendant. To begin with, Plaintiff did not engage in protected activity. Complaining to management about working conditions without alleging that the adverse conditions are the result of race, color, religion, sex, or national origin discrimination simply is not protected

---

[14] *See Cook v. James*, 100 Fed. App'x. 178, 179 (4th Cir. 2004).

[15] The Court notes that even if it found that the motion was uncontested, it would "still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178.

[16] *Mattioda v. White*, 323 F.3d 1288, 1293 (10th Cir. 2003).

[17] *Hall*, 935 F.2d at 1110.

under Title VII.[18]  Furthermore, Plaintiff's complaint contains no allegations indicating how Defendant violated the law or injured him.[19]  Therefore, in consideration of these facts, the Court grants Defendant's motion to dismiss Plaintiff's complaint.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is hereby GRANTED.

**IT IS SO ORDERED.**

Dated this 1st day of October, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18]*See, e.g., Tratree v. BP N. Am. Pipelines, Inc.*, 277 Fed App'x. 390, 395 (5th Cir. 2008); *Harper v. Hunter Coll.*, 1998 WL 639397, at *1 (2d Cir. Feb. 5, 1998); *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411-12 (9th Cir. 1987).

[19]*See Mansharamani v. Mich. State Univ. Bd. of Trustees*, 2006 WL 62824, at *2 (W.D. Mich. Jan. 11, 2006); *see also, e.g., Krych v. Hvass*, 83 Fed. App'x. 854, 855 (8th Cir. 2003) (holding, in a case where the plaintiff asserted a section 1983 claim, that plaintiff failed to state a claim because "he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations"); *Walker v. Hodge*, 1993 WL 360996, at *2 n.2 (5th Cir. Sept. 2, 1993) (same); *Rodriquez v. Jabe*, 1990 WL 82722, at *1 (6th Cir. 1990) (same); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (same); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (same).